IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–00161–NYW–MDB

JONATHAN VALENTINE,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

*Pro se* Plaintiff Jonathan Valentine brings this *Bivens* lawsuit against the Federal Bureau of Prisons ("BOP") alleging BOP willfully kept inaccurate records regarding two of his alleged escape attempts. (*See* ["Complaint"], Doc. No. 33 at 4.) Plaintiff alleges the inaccurate recordkeeping made him ineligible for transfer to a lower-security facility. (*Id.*) The BOP moved for summary judgment because Plaintiff did not exhaust his administrative remedies. (*See generally* ["Motion"], Doc. No. 41.) Plaintiff filed a response and the BOP replied. (["Response"], Doc. No. 48; ["Reply"], Doc. No 49.) Upon review of the record, applicable case law, and the parties' arguments, the Court agrees with the BOP and **RECOMMENDS** dismissal.

### SUMMARY FOR *PRO SE* PLAINTIFF

An inmate must satisfy all four steps of the BOP's administrative grievance procedure before filing a lawsuit challenging prison conditions. Because all four steps were not completed here, the BOP is entitled to summary judgment. However, the Court recommends dismissing this lawsuit without prejudice, which means if the presiding judge agrees with this Recommendation, you will be able to re-file your claim when you exhaust all administrative remedies. If you disagree with this Recommendation, you can object within fourteen (14) days. This is only a

1

high-level summary of the Court's decision. Please be sure to read the Recommendation in its entirety.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") instructs that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002) (noting exhaustion requirement applies to *Bivens* claims). This exhaustion requirement "demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, (2006). Because Plaintiff is housed in a BOP-operated facility, he must follow the four-step administrative grievance procedure set forth in 28 C.F.R. §§ 542.10–19 before seeking relief in this Court. That procedure requires inmates to (1) seek informal resolution of their grievance with prison staff, *see* 28 C.F.R. § 542.13(a); (2) submit "a formal written Administrative Remedy Request" to the institution staff member designated to receive such requests, *see id.* § 542.14; (3) file a Regional Appeal of any unfavorable response with the Regional Director within twenty days, *see id.* § 542.15(a); and (4) further appeal an adverse decision to the BOP's General Counsel within thirty days of a response. *See id.*

Here, the BOP submits records demonstrating Plaintiff filed one formal administrative remedy request concerning the recordkeeping for his alleged escape attempts (i.e., a step-two request). (*See* ["Grow Decl."], Doc. No. 41-1 at ¶¶ 14, 16.) The warden denied that request. (*See* Grow Decl. Attach. 5, Doc. No. 41-1 at 51.) Plaintiff never appealed that decision. (*See* Grow Decl. ¶ 15.) Plaintiff therefore failed to exhaust his administrative remedies. *See Eldridge v. Berkebile*, 576 F. App'x 746, 747 (10th Cir. 2014) ("An inmate has not exhausted his administrative remedies until completing [all four] steps." (citing *Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010)).

In his three-page Response, Plaintiff avers he "file[d] everything [he] could" and pursued his administrative grievance "to the Region" (i.e., through step three). (*See* Doc. No. 48-1 at 1.)

2

Even accepting that as true, Plaintiff does not indicate he appealed the Regional Director's decision to the BOP's General Counsel (i.e., through step four), as required by 28 C.F.R. § 542.15(a). Additionally, the Court cannot glean from Plaintiff's Response, or the record, any reason to exempt Plaintiff from the PLRA's exhaustion requirement.

Because the undisputed facts show Plaintiff has not fully complied with the PLRA's mandatory exhaustion requirement, the Court recommends granting Defendant's Summary Judgment Motion. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("[U]nexhausted claims cannot be brought in court."); *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012 (noting "exhaustion is a precondition" to proceeding in federal court). The Court recommends dismissing this case without prejudice. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be without prejudice." (citation omitted)); *Woods v. Fender*, No. 07-cv-00703, 2010 WL 749794, at *1 (D. Colo. Mar. 2, 2010) (granting defendant's motion for summary judgment based on plaintiff's failure to exhaust administrative remedies and dismissing case without prejudice).

## CONCLUSION

Based on the foregoing analysis, the Court **RECOMMENDS** that Defendant's Early Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies (Doc. No. 41) be **GRANTED** and Plaintiff's Complaint be dismissed without prejudice.

The Clerk of Court is directed to mail a copy of this Recommendation to Plaintiff:

Jonathan A Valentine
#19326-047
FLORENCE HIGH
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 7000
FLORENCE, CO 81226

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

3

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge and will result in a waiver of the right to appeal from a judgment of the district court based on the magistrate judge's proposed findings and recommendations. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (noting firm waiver rule does not apply when the interests of justice require review).

Dated July 20, 2023.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge