**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-00161-NYW-MDB

JONATHAN A VALENTINE,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

## ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell ("Recommendation"), [Doc. 59, filed July 20, 2023], addressing Defendant's Early Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies ("Motion for Summary Judgment" or "Motion"), [Doc. 41, filed September 16, 2022], filed by Defendant Federal Bureau of Prisons ("Defendant" or "BOP"). Plaintiff Jonathan A Valentine ("Plaintiff" or "Mr. Valentine") has submitted pro se Objection to the Recommendation ("Objection"), [Doc. 61; Doc. 62], and Defendant has responded ("Response"), [Doc. 65]. In the Recommendation, Judge Dominguez Braswell recommends that Defendant's Motion for Summary Judgment be granted. For the reasons below, the Court respectfully **OVERRULES** Mr. Valentine's Objection, and **ADOPTS** the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## LEGAL STANDARDS

### I.  Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to.  An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In addition, the Court affords Plaintiff's filings liberal construction because he proceeds pro se. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972).  Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff's pro se status, however, does not excuse him from complying with the substantive law and procedural rules that govern all civil actions filed in this District.  *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008).  The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

### II.  Summary Judgment under Federal Rule of Civil Procedure 56

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.  A fact is material if under the substantive law it is essential to the

proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). At all times, the Court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016).

To satisfy its burden at summary judgment, the nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 (4th ed. 2022) (explaining that the nonmovant cannot rely on "mere reargument of a party's case or a denial of an opponent's allegation" to defeat summary judgment). In considering the nonmovant's evidence, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). Further, the Court may consider only admissible evidence, *see Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995), though the evidence need not be in a form that is admissible at trial—only the substance must be admissible at trial. *See Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016). For instance, "if th[e] evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Indeed, "[t]o determine whether genuine issues of material fact make a

3

jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

## BACKGROUND

The Court bases its discussion of the relevant background on Judge Dominguez Braswell's Recommendation and the briefing on the instant Motion. Mr. Valentine is an inmate in Defendant BOP's custody. On January 19, 2022, he filed this *Bivens* lawsuit "alleging BOP willfully kept inaccurate records regarding two of his alleged escape attempts," which "made him ineligible for transfer to a lower-security facility." [Doc. 59 at 1]; *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendant moved for summary judgment in September 2022, arguing that Plaintiff failed to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act ("PLRA"). *See* [Doc. 41 at 8]. Defendant attached documentation of internal proceedings related to the two escape attempts at issue. *See* [Doc. 41-1 at 12–39]. And Defendant averred that Plaintiff's only relevant administrative remedy request, which related to how records regarding those proceedings were kept, was filed in April 2019, and not appealed. [Doc. 41 at ¶ 12; Doc. 41-1 at 51–54]. Opposing the Motion, Plaintiff contended in an unsworn affidavit that he pursued administrative appeals "all the way to the region," which is the penultimate step in BOP's four-stage process. [Doc. 48-1 at 1]. Plaintiff did not attach any documentation of his administrative remedy requests or appeals. *See* [Doc. 48; Doc. 48-1]. In its Reply brief, Defendant stressed that there was no dispute of material fact as to Plaintiff's failure to exhaust his administrative remedies at the final, national level, so summary judgment was warranted. *See* [Doc. 49 at 2–3].

The Court referred the Motion to Judge Dominguez Braswell, [Doc. 44], who has prepared the instant Recommendation, in which she thoroughly analyzes the issue presented and recommends granting Defendant's Motion. *See* [Doc. 59 at 2–3].

## ANALYSIS

For the reasons that follow, the Court respectfully **OVERRULES** the Objection and **ADOPTS** the Recommendation.

I.   **The Recommendation**

In the Recommendation, Judge Dominguez Braswell begins by setting out the PLRA's exhaustion requirement. [*Id.* at 2]; *see also* 42 U.S.C. § 1997e(a). Specifically, inmates housed by BOP must follow BOP's four-step administrative grievance process before filing suit. [Doc. 59 at 2]; *see also* 28 C.F.R. §§ 542.10–19. As Judge Dominguez Braswell explains:

> That procedure requires inmates to (1) seek informal resolution of their grievance with prison staff, *see* 28 C.F.R. § 542.13(a); (2) submit "a formal written Administrative Remedy Request" to the institution staff member designated to receive such requests, *see id.* § 542.14; (3) file a Regional Appeal of any unfavorable response with the Regional Director within twenty days, *see id.* § 542.15(a); and (4) further appeal an adverse decision to the BOP's General Counsel within thirty days of a response. *See id.*

[Doc. 59 at 2]. Relying on BOP's evidence showing Plaintiff's failure to appeal a warden's denial, at step two, of a request related to the recordkeeping for his alleged escape attempts, Judge Dominguez Braswell concludes that Plaintiff failed to exhaust his administrative remedies. [*Id.*]. She further notes that Plaintiff limited his arguments at the summary-judgment stage to his satisfaction of step three, regional review, so even if Plaintiff is correct about such an appeal, there is no basis for finding a dispute of material fact concerning exhaustion. [*Id.* at 2–3]. The Recommendation also finds no grounds for exempting Plaintiff from the PLRA's exhaustion requirement. [*Id.* at 3].

5

## II. Plaintiff's Objection and Defendant's Response

On July 31, 2023, the Court docketed Plaintiff's Objection to the Recommendation.[1] In his Objection, Plaintiff contends that he "did satisfy any and all steps of the BOP's administrative grievance procedure and never got a respon[s]e." [Doc. 61 at 1]. He suggests that BOP's regional and central offices did not timely address his grievance, and because a non-response constitutes a denial under applicable regulations, he meets the exhaustion requirement. *See* [Doc. 62 at 1–2]; *see also* 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."). Plaintiff attaches a BOP form which appears to be a step-four appeal of a regional-office denial, known as a BP-11, dated May 16, 2021. [Doc. 62 at 3]. Part A of the form, "Reason for Appeal," is completed by Mr. Valentine. *See* [*id.* ("This matter is before you . . . in relation with a nonresponse of the Regional Office.")]. The remainder of the form—Part B, "Response," and Part C, "Receipt"—is blank. *See* [*id.*]. This document was not submitted in connection with the briefing on the underlying Motion for Summary Judgment before Judge Dominguez Braswell.

In its Response, Defendant takes the position that "Plaintiff improperly raises new arguments and introduces new evidence for the first time," but that even this new evidence does not affect the undisputed facts that entitle Defendant to summary judgment. [Doc. 65 at 1]. First, Defendant contends that "new arguments presented for the first time in an objection to the Recommendation are deemed waived," so Plaintiff provides no basis for disagreeing with the Recommendation. [*Id.* at 5]. Defendant also suggests that "there is no evidence that this BP-11

---

[1] Plaintiff has filed both a "Jonathan Valentine object to the Recommendation of Document 59 Filed 7-20-23 Magistrate Hon [sic] Maritza Domingue[z] Braswell," [Doc. 61], and a "motion for Reconsideration of this Court decision," [Doc. 62]. The Court has construed these documents, which total four pages, as Plaintiff's combined Objection to the Recommendation. *See* [Doc. 63].

6

was ever submitted to the Central Office," as "the BOP has no record of receiving the remedy, and the remedy is not stamped as 'received,' per the BOP's standard process." [*Id.* at 5 n.2]. Moreover, even if the document is authentic, or sufficient to create a dispute of fact about its authenticity, the form is untimely, and thus noncompliant with BOP procedure, so the recommendation of summary judgment remains proper. [*Id.* at 7–8].

### III.  Discussion

While Mr. Valentine proceeds pro se, he is still bound by the same procedural rules and substantive law as a represented party. *See Murray*, 312 F.3d at 1199 n.3 (observing that a party's pro se status "does not relieve him of the obligation to comply with procedural rules"); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1235 (D. Colo. 2012). It is undisputed that Mr. Valentine did not submit a copy of the BP-11 dated May 16, 2021, in his opposition to the Motion for Summary Judgment. *See generally* [Doc. 48]. Nor did he mention the BP-11 when he argued that he "did file everything." *See* [*id.* at 1]. It is well-settled that issues raised for the first time in objections to a magistrate judge's recommendation are deemed waived. *See Standing Akimbo, LLC v. United States through Internal Revenue Serv.*, 955 F.3d 1146, 1159 (10th Cir. 2020) (citing *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011)). Accordingly, Mr. Valentine's submission of the BP-11, and any associated arguments, are properly deemed waived.

Further, to the extent that Mr. Valentine seeks reconsideration of Judge Dominguez Braswell's Recommendation, reconsideration is not warranted. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position,

7

or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Mr. Valentine has not made any arguments to satisfy any of these grounds, and this Court independently finds none in the record before it.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Objection to the Recommendation [Doc. 61; Doc. 62] is **OVERRULED**;

(2) The Recommendation of United States Magistrate Judge Maritza Dominguez Braswell [Doc. 59] is **ADOPTED**;

(3) Defendant's Early Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [Doc. 41] is **GRANTED**;

(4) Defendant is entitled to its costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 54.1;

(5) The Clerk of the Court is **DIRECTED to TERMINATE** this case; and

(6) The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

Jonathan A Valentine
#19326-047
FLORENCE HIGH
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 7000
FLORENCE, CO 81226

DATED: August 14, 2023                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge